BARFIELD, Judge.
We have for review a non-final order which denied the motion of Ferrari North America, Inc. (Ferrari) to stay or dismiss the protest filed by Crown Auto Dealerships, Inc. (Crown) pursuant to section 320.641, Florida Statutes (1993). We affirm.
Ferrari and Crown initially entered into a motor vehicle franchise agreement in 1981. The agreement was renewed periodically. On September 30, 1994, Ferrari advised Crown that its dealer agreement would not be renewed when it expired on December 31, 1994. Crown filed a petition/complaint with the Department of Highway Safety and Motor Vehicles for a determination under section 320.641 of whether cancellation of its franchise agreement was an unfair or prohibited action, whether the cancellation was clearly permitted by the franchise agreement, whether the cancellation was undertaken in good faith, whether the cancellation was undertaken for good cause, and whether the alleged breach of the franchise agreement was material and substantial.
Ferrari filed a motion to dismiss or stay the complaint on the ground that Crown expressly agreed that any disputes between the parties arising out of or in connection with the agreement would be submitted to arbitration. Ferrari argued that Crown’s claim that Ferrari had improperly and without good cause cancelled the agreement fell squarely within the purview of the arbitration provision, which provided in part:
18(h)(1) Subject to the provisions of any applicable federal, state or local law, regulation or ordinance, any and all disputes arising out of or in connection with this Agreement shall be settled by arbitration in New York City in accordance with the rules of the American Arbitration Association.
(2) Any claim by Dealer that Ferrari NA did not have good cause for termination of this agreement, has failed to act in good faith or has acted improperly in terminating this Agreement under the laws of the jurisdiction in which Dealer is located or under the Automobile Dealers’ Day in Court Act, 15 USC § 1221 et seq. shall be submitted to arbitration in the following manner:
(i) Within thirty (30) days of receipt of notice of termination, Dealer shall file a written request for arbitration, together with the appropriate arbitration fee, with the American Arbitration Association, New York office, which shall be the place of arbitration.
The motion to dismiss or stay the action was denied. The hearing officer noted that *1189 in an earlier action involving Ferrari and another of its Florida dealerships, Coral Gables Imports, Inc. v. Ferrari North America, Inc., DOAH Case No. 94-1238, the hearing officer denied Ferrari’s motion to dismiss, concluding that the dealership agreement is a contract and that neither the hearing officer nor the Department had statutory authority to interpret or enforce an arbitration provision in a contract between the parties. The hearing officer incorporated and adopted as his order the order in Coral Gables Imports, Inc., which provided:
The Department has been given some limited statutory authority to interpret franchise agreements. See the last sentence of Section 320.641(3), Florida Statutes, which by necessary implication authorizes the Department to determine whether certain specified action by a manufacturer “is not clearly permitted by the franchise agreement ... or is based on an alleged breach of the franchise agreement which is not in fact a material and substantial breach.” This limited statutory authority does not appear to be broad enough to encompass interpretation and enforcement of arbitration clauses in franchise agreements.
Ferrari argues that the hearing officer failed to recognize that in granting the Department express authority to decide whether termination of motor vehicle dealerships is permitted by the franchise agreement between the parties, the legislature necessarily gave the implied authority to address whether it is the proper forum for resolution of a claim for unlawful termination. Ferrari contends that because the Department cannot exercise its authority to determine the merits of the controversy between Ferrari and Crown without first determining whether the dispute is properly before it, section 320.641 clearly grants the Department implied authority to interpret the applicability of the mandatory arbitration provision contained in the agreement. Finally, Ferrari asserts that there is no basis for distinguishing the arbitration clause at issue from the other franchise agreement provisions which the Department is expressly authorized to interpret.
We conclude the hearing officer correctly denied the motion. Section 320.641(3) provides:
Any motor vehicle dealer whose franchise agreement is discontinued, canceled, not renewed, modified, or replaced may, within the 90-day notice period, file a petition or complaint for a determination of whether such action is an unfair or prohibited discontinuation, cancellation, nonre-newal, modification, or replacement. Agreements and certificates of appointment shall continue in effect until final determination of the issues raised in such petition or complaint by the motor vehicle dealer. A discontinuation, cancellation, or nonrenewal of a franchise agreement is unfair if it is not clearly permitted by the franchise agreement; is not undertaken in good faith; is not undertaken for good cause; or is based on an alleged breach of the franchise agreement which is not in fact a material and substantial breach.
The statute grants specific, limited authority. The Department is only authorized to determine whether the discontinuation, cancellation, nonrenewal, modification or replacement is “unfair or prohibited” if a timely complaint or petition is filed by the dealer. The Department has no statutory authority to enforce an arbitration provision contained in a franchise agreement. Because the hearing officer had jurisdiction pursuant to section 320.641 to consider the issues raised by Crown in its petition, the hearing officer did not abuse his discretion in denying Ferrari’s motion to dismiss or stay the action.
Accordingly, the order is AFFIRMED.
ALLEN, J., and SMITH, Senior Judge, concur.